UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DOMINICK JONES,

    Plaintiff,

v.                               CAUSE NO. 3:22-CV-37-DRL-MGG

CHRISTOPHER J. PETERSEN *et al.*,

    Defendants.

OPINION AND ORDER

Dominick Jones, a prisoner without a lawyer, filed an amended complaint against two defendants. ECF 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Jones alleges that between February 17, 2020, and April 20, 2021, Public Defender Christopher J. Petersen, the attorney who is representing him in his criminal case, made a number of errors in handling his case. ECF 3 at 2. He states Mr. Petersen failed to show him discovery materials, including witness videos, and did not correct those things that were wrong in his case. *Id*. Mr. Jones alleges that Mr. Petersen did not provide him with appropriate legal services and told Mr. Jones he was working on his

case, but the case showed he had taken no action. *Id*. at 1-2. Mr. Jones filed a motion to withdraw Mr. Petersen's appearance, but Mr. Petersen was reassigned to his case even though Mr. Jones filed a claim for ineffective assistance of counsel. *Id*. at 2. Mr. Jones alleges that Chief Public Defender Jerry Majerek was responsible for overseeing Mr. Petersen's actions and handpicked Mr. Petersen to handle his case even though Mr. Jones fired Mr. Petersen. *Id*.

"In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that defendant's actions are "fairly attributable to the state." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). In the case of a criminal defense attorney, even an appointed public defender, the actions of the attorney are not fairly attributable to the state and the attorney is not acting under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Thus, Mr. Jones cannot proceed against Attorney Petersen or Attorney Majerek.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to

deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

May 6, 2022                                                   *s/ Damon R. Leichty*
                                                              Judge, United States District Court